UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER JOZEFIAK,

                        Plaintiff,                    Civil Action No. 17-12713
                                                    Honorable Marianne O. Battani
                                                    Magistrate Judge David R. Grand

v.

COMMISSIONER OF
SOCIAL SECURITY,

                        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [8, 9]**

Plaintiff Christopher Jozefiak ("Jozefiak") brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions (Docs. #8, 9), which have been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.      RECOMMENDATION**

For the reasons set forth below, the Court finds that the Administrative Law Judge's ("ALJ") conclusion that Jozefiak is not disabled under the Act is not supported by substantial evidence. Accordingly, the Court recommends that the Commissioner's Motion for Summary Judgment (**Doc. #9**) be **DENIED**, Jozefiak's Motion for Summary Judgment (**Doc. #8**) be **GRANTED IN PART** to the extent it seeks remand and **DENIED IN PART** to the extent it seeks an award of benefits, and that, pursuant to sentence four of 42 U.S.C. § 405(g), this case be **REMANDED** to the ALJ for further proceedings consistent with this Recommendation.

## II.     REPORT

### A.     Background

Jozefiak was 49 years old at the time of his alleged onset date of August 1, 2007, and at 5'10" tall weighed approximately 265 pounds during the relevant time period.  (Tr. 96, 117).  He completed high school and, prior to filing his instant application for DIB, had a thirty-year work history at Ford Motor Company.  (Tr. 118).  Over the years, he performed assembly work, janitorial work, and drove a forklift, before retiring in August 2007.  (Tr. 33, 117).  He now alleges disability as a result of carpal tunnel syndrome ("CTS") in both hands and bilateral knee pain.  (Tr. 117).

After Jozefiak's application for DIB was denied at the initial level on December 9, 2014 (Tr. 52-55), he timely requested an administrative hearing, which was held on April 20, 2016, before ALJ Timothy Christensen (Tr. 29-43).  Jozefiak, who was represented by attorney Justen Grech, testified at the hearing, as did vocational expert Pauline McEachin.  (*Id.*).  On June 10, 2016, the ALJ issued a written decision finding that Jozefiak is not disabled under the Act.  (Tr. 20-25).  On June 26, 2017, the Appeals Council denied review.  (Tr. 1-5).  Jozefiak timely filed for judicial review of the final decision on August 18, 2017.  (Doc. #1).

The Court has thoroughly reviewed the transcript in this matter, including Jozefiak's medical record, Function and Disability Reports, and testimony as to his conditions and resulting limitations.  Instead of summarizing that information here, the Court will make references and provide citations to the transcript as necessary in its discussion of the parties' arguments.

### B.     The ALJ's Application of the Disability Framework Analysis

Under the Act, DIB are available only for those who have a "disability."  *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  The Act defines "disability" as the "inability to

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A). The Commissioner's regulations provide that a disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five:  Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Scheuneman v. Comm'r of Soc. Sec.*, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. § 404.1520); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).  "The burden of proof is on the claimant throughout the first four steps …. If the analysis reaches the fifth step without a finding that claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Following this five-step sequential analysis, the ALJ found that Jozefiak is not disabled under the Act.  At Step One, the ALJ found that Jozefiak has not engaged in substantial gainful activity since August 1, 2007 (the alleged onset date).  (Tr. 22).  At Step Two, the ALJ found that

3

he has the severe impairments of carpal tunnel syndrome by history and degenerative joint disease. (*Id.*). At Step Three, the ALJ found that Jozefiak's impairments, whether considered alone or in combination, do not meet or medically equal a listed impairment. (Tr. 23).

The ALJ then assessed Jozefiak's residual functional capacity ("RFC"), concluding that he is capable of performing medium work, with the following additional limitations: requires the ability to rest after sitting for 3 hours at a time, provided that he would not be off task for more than 10% of the workday; and the work cannot require the use of power hand tools, vibrating tools, or more than frequent reaching/pulling with the left arm. (*Id.*).

At Step Four, the ALJ concluded, based in part on testimony provided by the vocational expert ("VE") in response to hypothetical questions, that Jozefiak is capable of performing his past relevant work as a hi-lo/forklift driver. (Tr. 25). As a result, the ALJ concluded that Jozefiak is not disabled under the Act. (*Id.*).

### C.    Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts

in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

When reviewing the Commissioner's factual findings, the court is limited to an examination of the record and must consider the record as a whole. *See Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council," or in this case, the ALJ. *Heston*, 245 F.3d at 535; *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that either the ALJ or this court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

### D. Analysis

The Commissioner acknowledges in her motion for summary judgment that there were several "mistakes" in the ALJ's decision, arguing, however, that "in light of the negligible nature of [Jozefiak's] treatment[,]" remand is not warranted because it would not change the outcome of the case. (Doc. #9 at 7). While the Court agrees that, under some circumstances, errors in an ALJ's decision can be deemed harmless, the problem here is that the ALJ's decision is so riddled with error that the Court cannot meaningfully review its conclusions without virtually re-writing it entirely. As such, remand is necessary.

5

As set forth above, the ALJ determined that Jozefiak has the RFC to perform medium work, with the following additional limitations:   "requires the ability to rest after sitting for 3 hours at one time, provided that [he] would not be off task for more than 10% of the workday. The work cannot require the use of power hand tools, vibrating tools, or more than frequent reaching/pulling with the left arm."[1]   (Tr. 23).   The ALJ then concluded at Step Four, based in part on testimony provided by the VE in response to hypothetical questions, that Jozefiak is capable of performing his past relevant work as a hi-lo/forklift driver.   (Tr. 25).

It is clear that a "vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that *accurately* sets forth the plaintiff's physical and mental impairments." *Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001) (emphasis added).   Here, however, Jozefiak

---

[1] In his motion, Jozefiak argues that the ALJ erred in failing to explain why he adopted certain restrictions imposed by his former employer, while omitting others.   (Doc. #8 at 14-15). Specifically, Jozefiak points out that Ford restricted him to limited repetitive movements with *both* hands and wrists, but the ALJ only imposed a restriction on his *left* hand and wrist.   (*Id.* (citing Tr. 24, 175-76)).   Similarly, the ALJ noted Jozefiak's restriction at Ford to limited reaching, *pushing*, and pulling with both arms, but then failed to include any restriction whatsoever on *pushing* in the RFC.   (Tr. 24, 175-76).   While the Commissioner is correct that the restrictions from Jozefiak's former employer, a non-medical source, are not due any particular weight (Doc. #9 at 10), the problem here is that the ALJ discussed these restrictions and purported to incorporate some of them into the RFC, without any explanation as to why he adopted some but not others.   Social Security Ruling 06-03p makes clear that information from "other sources," such as employers, "may provide insight into the severity of [a claimant's] impairment(s) and how it affects the individual's ability to function."   *Soc. Sec. Rul. 06-03p*, 2006 WL 2329939, at *2 (Aug. 9, 2006).   Recognizing that such sources are often "valuable," the Ruling provides that "the adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."   *Id.* at *3, 6. Here, where the record contains no medical opinions whatsoever, and the ALJ's RFC finding is based in large part on Jozefiak's employers restrictions, it was particularly important that the ALJ explain why he gave credence to some of these restrictions, but not others.   Thus, on remand, to the extent the ALJ adopts some (but not all) of Jozefiak's employer's restrictions, he should do so in a manner that allows Jozefiak to understand his reasoning.

argues that the hypothetical questions posed to the VE failed to accurately portray his physical impairments, as set forth in the ALJ's ultimate RFC finding.  (Doc. #8 at 10-12).  Specifically, despite concluding that Jozefiak must "*rest* after *sitting* for 3 hours" at a time (Tr. 23 (emphasis added)), the ALJ asked the VE, in relevant part, to consider an individual who "could *stand* no more than three hours at a time, then would have to take a *short break to resume standing* …" (Tr. 38-39 (emphasis added)).  Jozefiak now argues that the differences between the hypothetical posed to the VE and the ALJ's RFC finding "were unexplained and vocationally significant – in terms of sitting, standing, [and] the character of the workday interruptions ('rest' versus 'short break') …."  (Doc. #8 at 11).

The Commissioner acknowledges the discrepancy between the ALJ's RFC finding – which limits Jozefiak to "sitting" for three hours at a time – and the hypothetical presented to the VE – which references "standing" for three hours at a time.  (Doc. #9 at 11 (citing Tr. 23, 38-39)).  The Commissioner argues, however, that this is "only a typographical error," claiming that, based on the evidence, "it is clear the ALJ meant to restrict plaintiff's ability to stand, not sit."  (*Id.*).  The evidence, however, is not so clear.  While it is true that Jozefiak testified at the hearing that he can stand for "[t]wo to three hours maximum" in a typical day (Tr. 35), the record contains other evidence suggesting that Jozefiak struggles with both sitting and standing for extended periods of time, and experiences significant fatigue that would interfere with either posture and require him to lie down or nap during the day.  (Tr. 35 (testimony regarding need to lie down every 3-4 hours and history of napping at work), 132 (nap every few hours), 136 (difficulty with both sitting and standing), 149 ("tired all day long"), 191 (excessive fatigue), 203 (low energy and tired all day), 214 (nap one hour during day)).  Thus, despite the Commissioner's assertion that there "is no basis for a sitting restriction" (Doc. #9 at 11), the

evidence at least arguably suggests otherwise, and it is not this Court's role to evaluate, in the first instance, how that evidence translates into an RFC. *See Pruitt v. Comm'r of Soc. Sec.*, 2015 WL 5730023, at *6 (E.D. Mich. Aug. 24, 2015) ("Indeed, it is the role of the ALJ, not the court, to weigh the evidence and resolve any conflicts therein."). Thus, the Court cannot simply assume that the ALJ's decision to provide Jozefiak with "the ability to rest after sitting for 3 hours at one time" (Tr. 23) was a mere "clerical mistake" (Doc. #9 at 12).

The Commissioner also argues that there is "no meaningful difference between the ALJ's use of the term 'rest' in the RFC and 'short break' in the hypothetical." (*Id.*). Again, however, while this argument has some facial appeal, the Court simply cannot assume – given Jozefiak's multiple statements and testimony that he requires interruptions in activity to *nap* (Tr. 35, 39, 132, 136, 149, 191, 203, 214) – that the ALJ was rejecting this evidence wholesale, while at the same time finding that he requires periods of "rest" during the workday. Indeed, the Commissioner's conclusory argument on this point illustrates the fundamental problem with the ALJ's decision; she asserts that "the reasonable interpretation of the 'rest' requirement is that plaintiff had to take a break *from standing* in a work-permissible form, such as sitting." (Doc. #9 at 9 (emphasis in original)). But, while this might be the Commissioner's "interpretation" of what the ALJ *meant*, it is at odds with the ALJ's finding that that Jozefiak must "*rest* after *sitting for 3 hours*" at a time. (Tr. 23 (emphasis added)). Thus, for all of these reasons, where the ALJ relied on the VE's testimony in response to a hypothetical that differs from – and appears to have failed to include – all of Jozefiak's assessed limitations, such reliance cannot constitute substantial evidence for the ALJ's Step Four finding.

Jozefiak also argues that the ALJ erred at Step Four in finding – based in part on the VE's testimony – that he can perform his past relevant work as a forklift driver (as generally

performed), despite the fact that driving a forklift was only part of a composite job (that also included assembly-line and janitorial duties).[2]  (Doc. #8 at 16-17).  The Commissioner concedes that this finding is "problematic" (Doc. #9 at 13), and the Court agrees.  As this Court has previously explained:

> At Step Four, a claimant is generally found disabled where he can return to his past work either as it was actually performed or as that position is generally performed in the national economy.  SSR 82-61, 20 C.F.R. § 404.1560(b)(2).  However, where a claimant's past relevant work is a "composite job," which has "significant elements of two or more occupations" and for which there is no equivalent in the [Dictionary of Occupational Titles ("DOT")], his ability to return to that unique work situation must be "evaluated according to the particular facts of each individual case."  SSR 82-61.  Likewise, the Program Operations Manual System ("POMS"), a non-binding handbook produced for internal use at the Social Security Administration, provides that "[a] composite job will not have a DOT counterpart, so do not evaluate it at the part of step 4 considering work 'as generally performed in the national economy.'"  POMS § DI 25005.020.  A claimant is only capable of performing a past relevant composite job if he can perform each of the separate components of the position.  *Hansen v. Comm'r of Soc. Sec.*, No. 13-13348, 2014 WL 5307133, at *8 (E.D. Mich. Oct. 16, 2014).

*Comeau v. Comm'r of Soc. Sec.*, 2016 WL 1253315, at *9 (E.D. Mich. Mar. 30, 2016).  Here, then, the ALJ erred in finding at Step Four that Jozefiak is not disabled because he can perform his past relevant work as a forklift driver.

The Commissioner again argues harmless error, asserting that "remanding this case would be an 'empty exercise,' *Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000), since the ALJ also asked the VE if [Jozefiak] could do other jobs existing in significant numbers, and the VE testified he could (Tr. 40-41)."  (Doc. #9 at 13).  Specifically, the Commissioner points to the VE's testimony that a hypothetical individual with Jozefiak's RFC can work as an

---

[2] There is no dispute that Jozefiak operated a forklift as one of many duties, making his past work for Ford a composite of "automotive assembly line worker … forklift driver … and … housekeeper."  (Tr. 38; *see also* Tr. 163 (VE's pre-hearing opinion that Jozefiak performed only one job)).

9

assembler, kitchen helper, and housekeeper, and that these jobs exist in significant numbers in the national economy.  (*Id.* (citing Tr. 40)).  Jozefiak argues, however, that "the ALJ properly disregarded these opinions, for several reasons."  (Doc. #8 at 18).  For the reasons set forth below, the Court finds merit to this argument.

In his motion, Jozefiak asserts that the ALJ appropriately rejected the VE's opinion because the VE "falsely claimed there were no conflicts between the testimony and the DOT." (*Id.*).  It is clear that, when asked if there was any conflict between her testimony and the DOT, the VE unequivocally testified that there was not.  (Tr. 41).  But, the evidence demonstrates otherwise, as the VE testified (incorrectly) that a hypothetical individual limited to only "frequent" reaching can perform the job of kitchen helper, despite the fact that this job requires "constant" reaching.  (Doc. #8 at 19 (citing Tr. 38-40 (VE's testimony that limitation to frequent reaching would not preclude kitchen helper job) and DOT 318.687-010 (kitchen helper job requires constant reaching)).

The Commissioner concedes that this conflict exists between the DOT and the VE's testimony (Doc. #9 at 14), but she once again argues that this error is harmless because the VE identified two other jobs – assembler and housekeeper – that the hypothetical individual could perform.  (*Id.* at 14-15).  According to the Commissioner, then, even eliminating the jobs of assembler[3] and kitchen helper, the VE still identified more than 350,000 housekeeper positions in the national economy that Jozefiak can perform.  (*Id.*).  Simply put, the Court finds the Commissioner's arguments too strained in this respect; in order to find harmless error, the Court

_____

[3] Jozefiak also argues that there is also a conflict in terms of the assembler job, asserting that the VE testified that "the assembler aspect of [his] past work was unskilled, and yet she opined that another semi-skilled version of assembler was available as 'other work' despite also testifying there were no such transferable skills."  (Doc. #8 at 18-19).  Although this argument is somewhat unclear, the Court need not delve into its merits, as it is recommending remand for the numerous other reasons articulated herein.

would need to assume that the ALJ *could have* made a series of findings at Step Five, premised on the VE's admittedly faulty testimony, none of which were *actually made*. Where there is admittedly a conflict between the VE's testimony and the DOT, which easily could explain the ALJ's decision to discount the VE's testimony entirely, the Court declines to speculate as to what the ALJ could (or should) have found at Step Five.

In summary, the Court agrees with Jozefiak that remand is required because the ALJ's multiple errors produced "a decision that was so poorly articulated as to prevent meaningful review." (Doc. #8 at 13). Indeed, the ALJ's errors permeated the entire analytical portion of his decision, and finding them all to be harmless would require this Court to "construct the ALJ's entire argument for [him] rather than simply patch a few holes in [his] decision." *Hill v. Comm'r of Soc. Sec.*, 2014 WL 6686789, at *27 (E.D. Mich. Nov. 26, 2014). While the Court recognizes that there is very little medical evidence in the record supporting a finding of disability, that fact does not obviate the ALJ's duty to produce a thorough and legally sound decision. Where, as here, the ALJ's "errors do not merely detract from an otherwise sturdy decision, they remove its bases altogether[,]" the Court should remand the matter for a proper evaluation by the ALJ. *Id.* at *22.

## III.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment (**Doc. #9**) be **DENIED**, Jozefiak's Motion for Summary Judgment (**Doc. #8**) be **GRANTED IN PART** to the extent it seeks remand and **DENIED IN PART** to the extent it seeks an award of benefits, and that, pursuant to sentence four of 42 U.S.C. § 405(g), this case be **REMANDED** to the ALJ for further proceedings consistent with this Recommendation.

11

Dated: May 22, 2018                          s/David R. Grand
Ann Arbor, Michigan                          DAVID R. GRAND
                                             United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(a) and (b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Order and Report and Recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 22, 2018.

                                             s/Eddrey O. Butts
                                             EDDREY O. BUTTS
                                             Case Manager